UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIM ERWIN THOMAS, TDCJ #2132412, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-18-1800 |
| HARRIS COUNTY SHERIFF'S DEPARTMENT, et al., | § § § § | |
| Defendants. | § § | |

# **MEMORANDUM AND ORDER**

Plaintiff Jim Erwin Thomas (TDCJ #2132412, former SPN #00459614) is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Thomas has filed a civil rights complaint under 42 U.S.C. § 1983, concerning an incident that occurred when he was being booked into the Harris County Jail on May 28, 2016 [Doc. # 1]. At the Court's request, Thomas has provided a more definite statement of his claims [Doc. # 7] and the Harris County Attorney's Office has provided a report with administrative records regarding that incident under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987) (a "*Martinez* Report") [Doc. # 11].

Because Thomas is a prisoner who proceeds *in forma pauperis,* the Court is required to scrutinize the pleadings and dismiss the case, in whole or in part, if it

determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I.   **BACKGROUND**

According to records provided with the *Martinez* Report, which have been filed with the Court under seal in electronic format, Thomas was arrested by a state trooper with the Texas Department of Public Safety on May 28, 2016, and charged with driving while intoxicated ("DWI") and possession of a controlled substance. Thomas was taken to the Harris County Jail (the "Jail"), where he was described as "uncooperative" and "combative." He was admitted to the Jail infirmary and prescribed Librium to "detox." Thomas was also treated with anti-psychotic medications because of a previous diagnosis of paranoid schizophrenia, which was unmedicated at the time of his arrest. Public records confirm that the drug possession charge was eventually dismissed, but that Thomas, who has a lengthy criminal record, was convicted of the DWI charge and also for failing to register or comply with other requirements imposed on him as a previously convicted sex offender.

In his pending civil rights complaint, Thomas claims that the female state trooper who arrested him for DWI and other offenses on the night of May 28, 2016,

whom he identifies as "Officer Gonzales," violated his rights by "dragging" him from her patrol car into the Jail, where unidentified deputies slammed him to the pavement [Doc. # 1, at 4]. Thomas claims that he suffered injuries to his back, head, mouth, and hip as a result [Doc. # 7, at 2]. Thomas sues the Harris County Sheriff's Department, which operates the Jail, and Officer Gonzales for the use of excessive force while booking him into the Jail [Doc. # 1, at 3].[1] He seeks compensatory damages for his pain and suffering [*Id*. at 4].

## II. DISCUSSION

### A. Claims Against the Harris County Sheriff's Department

The Harris County Sheriff's Department is the primary defendant listed by Thomas. As a subdivision of Harris County, the Sheriff's Department lacks capacity and is not subject to suit. *See* FED. R. CIV. P. 17(b) (providing that both plaintiff and defendant must have capacity to sue or be sued); *see also Aguirre v. Harris County Sheriff's Office*, Civil No. H-11-3440, 2012 WL 6020545, at *2 (S.D. Tex. Nov. 30, 2012); *see also Potts v. Crosby Ind. Sch. Dist.*, 210 F. App'x 342, 344-45 (5th Cir.

---

[1] Thomas references the unidentified deputies who used force against him at the Jail in his complaint, explaining that he intends to name them as defendants "at a later date" [Doc. # 1, at 3]. Thomas was unable to provide any information about these deputies when asked to do so in his response to the Court's Order for More Definite Statement [Doc # 7, at 2]. Because Thomas has not identified them, and the records provided by Harris County disclose no formal grievance by Thomas or any official investigation into the incident that would assist in identifying these individuals, the Court does not consider any claims against these unidentified deputies in this case.

2006) (per curiam) (upholding dismissal of claims against the Harris County Sheriff's Department on the grounds that, as a "*non sui juris* division of Harris County," it lacked the capacity to be sued) (citing *Darby v Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)); *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (concluding that the county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued). Accordingly, the claims against the Harris County Sheriff's Department must be dismissed.

To the extent that Thomas's complaint could be construed as one against Harris County, he does not articulate an actionable claim. A municipality or local government entity cannot be held vicariously liable under a theory of *respondeat superior* for the wrongdoing of municipal employees. *See Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691 (1978). A municipality is only liable under 42 U.S.C. § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). To state a claim a civil rights plaintiff must allege, at a minimum, facts identifying the following essential elements: (1) an official policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue. *See Piotrowski*, 237 F.3d at 578. Because Thomas does not allege facts showing that his

constitutional rights were violated as the result of an official policy promulgated and adopted by an official in charge of the Jail, he fails to state a claim upon which relief may be granted against Harris County.

B. **Claims Against Officer Gonzales**

Thomas alleges that Officer Gonzales used excessive force against him following his arrest when he was dragged from her patrol car into the Jail. To the extent that the complained of incident happened while he was still in Officer Gonzales's custody, but before he was booked into the Jail, the Court considers this claim under the legal standard that applies to arrestees under the Fourth Amendment.[2] *See Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998) (5th Cir. 1998) (concluding that the Fourth Amendment applied to incidents occurring while the individual was still in custody of the arresting officer, but that the Fourteenth Amendment applied after he was processed by the police department and booked into Jail) (citing *Valencia v. Wiggins*, 981 F.2d 1440, 1443 (5th Cir 1993)); *see also Surratt v. McClaran*, 234 F. Supp.3d 815, 823-24 (E.D. Tex. 2016) (discussing whether the Fourth or Fourteenth Amendment standard should apply),

---

[2] The result would be the same under the legal standard applicable to claims of excessive force for pretrial detainees, who are protected by the Fourteenth Amendment Due Process. In that respect, the Supreme Court has clarified that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2473 (2015).

*aff'd*, 851 F.3d 389 (5th Cir.), *cert. denied*, 138 S. Ct. 147 (2017).

To prevail on an excessive-force claim under the Fourth Amendment, "a plaintiff must show '(l) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Windham v. Harris County, Tex.*, 875 F.3d 229, 242 (5th Cir. 2017) (quoting *Hamilton v. Kindred*, 845 F.3d 659, 662 (5th Cir. 2017)). The Fourth Amendment reasonableness inquiry is an objective one, which is determined in light of the facts and circumstances confronting officers on the scene, without regard to their underlying intent and without the 20/20 vision of hindsight. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

As noted above, records associated with the incident show that Thomas — who reportedly weighed 230 pounds at the time of his arrest — was charged with DWI and possession of a controlled substance on the night of May 28, 2016. When he arrived at the Jail he was described as uncooperative and combative. He was taken to the infirmary to detoxify due to his intoxicated state and given with anti-psychotic medication for his untreated paranoid schizophrenia. Importantly, the available medical records show that no wounds or other injuries were noted at that time. Although the medical records further show that Thomas was treated on a regular basis in the Jail infirmary for paranoid schizophrenia, asthma, and arthritis or degenerative joint disorder in his hips, Thomas does not appear to have made any

other complaints associated with the force allegedly used by Officer Gonzales. Assuming that Officer Gonzales did, in fact, drag Thomas from her patrol car into the Jail, Thomas does not show that he suffered injury as a direct result of her actions or that the force she applied was objectively unreasonable under the circumstances. Accordingly, his complaint will be dismissed for failure to state a claim.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint filed by the plaintiff, Jim Erwin Thomas (TDCJ #2132412) is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.
2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk will provide a copy of this order to the parties of record. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on March 14, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE